In the Matter of the Application of BROOKLYN BAR ASSOCIATION in Respect of WILLIAM C. RINDONE, an Attorney and Counselor at Law, Respondent.

Second Department, January 10, 1938.

*Charles J. Buchner* [*Charles Goodwin* with him on the brief], for the motion.

*Frank R. Serri*, opposed.

PER CURIAM. The proceeding was brought by the Brooklyn Bar Association to discipline respondent, who was admitted to the bar in this Department on October 26, 1927. It was referred to Hon. Isaac M. Kapper, an official referee, who has submitted his report, based on the evidence had before him. In the main, the charges are sustained.

In March, 1935, respondent was given a fund of $350 with which to pay certain creditors of one Segreto, his client. He failed to pay the creditors within a reasonable time, and in one instance a check for $84.10, issued by him to Demeo Brothers, one of the creditors, was dishonored because of insufficient funds. The amount of the check was subsequently paid in four separate installments. Although respondent had a bank account, his claim is that he kept the fund in cash in his office file; that when he drew his check in payment of the claim, he withdrew the amount thereof from the fund and kept it to offset the amount of the check. The explanation is unworthy of belief. If he had the fund intact in his office, there is no reason why he should not promptly have made the dishonored check good; or he could have followed the proper and orderly course of depositing the fund in a special account and drawing against it for the payment of the several debts.

Another creditor was one Pilato, the amount of whose claim was eighty dollars. After a delay of two months, respondent sent him a check for the full amount. That check, too, was dishonored for insufficient funds, and finally, after a delay of four or five months, the creditor received a check for forty dollars, and, a month later, another check for the same amount.

Another creditor was the firm of Wahl & Son. After a delay of several months and the receipt of many importunate letters from this creditor's attorney, respondent paid $71.65, the amount of the claim.

The unsuccessful efforts of Imperial Perfumery Company, extending over several months, to collect its claim of $28.80, resulted in a default judgment against respondent in the sum of $36.40, including interest and costs. Supplementary proceedings were instituted but respondent failed to appear; and it was not until contempt proceedings were begun that respondent paid the amount of the

judgment. The payment was made partly by check and partly in cash.

Segreto retained respondent to represent him in a negligence action in which one O'Connor was plaintiff. Respondent made a settlement with the plaintiff's attorney, received a general release and a discontinuance of the action, and told the attorney he would send him a check for $75, the amount of the settlement, in the next morning's mail. This he failed to do. After many ineffectual efforts to obtain the check, the plaintiff's attorney had the settlement set aside and obtained a default judgment for $750 which was settled for $250.

There is ample proof that respondent not only neglected his client's business but that he converted to his own use the money that his client left with him in trust. Most of respondent's statements are unworthy of belief, as, indeed, were many of the statements made by Segreto, his client. It is clear that he does not appreciate the nature and obligations of his duties as an attorney.

The respondent should be disbarred and his name struck from the roll of attorneys.

Present — HAGARTY, CARSWELL, JOHNSTON, ADEL and CLOSE, JJ.

Respondent disbarred and his name ordered to be struck from the roll of attorneys. [See 254 App. Div. 562.]